**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| WATER INC., | No. CV 09-03389 ABC (SSx) |
| Plaintiff, | **MEMORANDUM AND ORDER RE PARTIES'** |
| v. | **STIPULATION FOR PROTECTIVE ORDER AND PROPOSED PROTECTIVE ORDER** |
| EVERPURE, INC., et al. | |
| Defendants. | |

The Court has received and considered the parties' Stipulation ("Stipulation") and Proposed Protective Order ("Protective Order"). The Court is unable to adopt the Protective Order as stipulated to by the parties for the following reasons:

//
//
//
//
//
//
//

First, a protective order must be narrowly tailored and cannot be overbroad. Therefore, the documents, information, items or materials that are subject to the protective order shall be described in a meaningful fashion (for example, "blueprints," "customer lists," or "market surveys," etc.). It is not sufficient to use only the conclusory description "'Confidential' Information or Items . . . that qualify for protection under standards developed under F.R.Civ.P. 26(c)." (See Stipulation ¶ 2.3; Protective Order ¶ 2.3).

Second, the Protective Order does not establish the requisite good cause. Pintos v. Pac. Creditors Ass'n, 565 F.3d 1106, 1115 (9th Cir. 2009) ("The relevant standard [for the entry of a protective order] is whether good cause exists to protect the information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." (internal quotation marks and alteration omitted)); Foltz v. State Farm Mut. Auto Ins. Co., 331 F.3d 1122, 1130 (9th Cir. 2003) (court's protective order analysis requires examination of good cause (citing Phillips v. Gen. Motors Corp., 307 F.3d 1206, 1210-11, 1212 (9th Cir. 2002)); San Jose Mercury News, Inc. v. United States Dist. Ct., 187 F.3d 1096, 1102 (9th Cir. 1999).

//
//
//
//
//
//
//
//

1    The Court may only enter a protective order upon a showing of good
2 cause.  Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1176
3 (9th Cir. 2006) (stipulating to protective order insufficient to make
4 particularized showing of good cause, as required by Rule 26(c));
5 Phillips, 307 F.3d at 1210-11 (Rule 26(c) requires a showing of good
6 cause for a protective order);  Makar-Wellbon v. Sony Electrics, Inc.,
7 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders
8 require good cause showing).

10    In any revised stipulated protective order submitted to the Court,
11 the parties must include a statement demonstrating good cause for entry
12 of a protective order pertaining to the documents or information
13 described in the order.  The documents to be protected shall be
14 specifically described and identified.  The paragraph containing the
15 statement of good cause should be preceded by the phrase: "GOOD CAUSE
16 STATEMENT."  The parties shall articulate, for each document or category
17 of documents they seek to protect, the specific prejudice or harm that
18 will result if no protective order is entered.  Foltz, 331 F.3d at 1130
19 (citations omitted).
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

In any revised stipulated protective order, the parties shall include the following in the caption: "[Discovery Document: Referred to Magistrate Judge Suzanne H. Segal]."

IT IS SO ORDERED.

DATED: November 30, 2009

/S/
_____
SUZANNE H. SEGAL
UNITED STATES MAGISTRATE JUDGE